UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

SANDRA TORUNO,

    Plaintiff(s),

vs.

CHI-ADA CORPORATION, a Florida Profit
Corporation and BARTHOLOMEW OKORO,
Individually,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, SANDRA TORUNO, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, CHI-ADA CORPORATION, a Florida profit corporation (hereinafter, "CHI-ADA") and BARTHOLOMEW OKORO, individually (hereinafter, "OKORO"), collectively ("Defendants") and states as follows[1]:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants; the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and because

---

[1] Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging race, sex, national origin, and disability discrimination and retaliation in violation of Plaintiff's rights under title VII, the ADA, the ADAA, the FCRA and the local laws. Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Supervisor. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant CHI-ADA is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant CHI-ADA had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant CHI-ADA is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, CHI-ADA provides services to properties and facilities, which includes security services, maintenance, and cleaning services using products that have been moved across interstate lines.

10. At all times material to this Complaint, CHI-ADA, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been

moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant CHI-ADA upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years from the filing of this complaint and utilizes goods in the flow of commerce across state lines.

12. Defendant OKORO is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, CHI-ADA.

13. Defendant OKORO acted directly in the interest of his company, CHI-ADA. Upon all available information, OKORO controlled the manner in which Plaintiff performed her work and the pay she was to receive.

14. Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS RELATED TO COUNT I

15. Plaintiff began working for Defendants in 2014 as a cleaning crew member. After 2 years, Plaintiff was promoted to supervisor, a position she held until her separation of employment in March 2021.

16. Though Plaintiff has received merit-based salary raises, her salary remained significantly below that of her male counterparts.

17. Throughout Plaintiff's employment, Defendant CHI-ADA has consistently hired men at a considerably higher rate than women, such that the salary structure has resulted in a substantial disparity between the male and female employees. Specifically, a disparity exists between female supervisors and their equal male counterparts.

18. Plaintiff was compensated at a lower rate than her equal male counterparts who performed the same and/or similar duties under the same or similar conditions.

19. When Plaintiff assumed her position as a supervisor in 2017, she was given a slight increase to $14.00/hour ($1.04 higher than her rate as a crew member).

20. Specifically, Plaintiff was paid at a lower rate than Angel Cruz (hereinafter, "Mr. Cruz") who was similarly situated than her.

21. In March of 2020, Mr. Cruz, was promoted from a crew member to supervisor at an hourly rate of $18.45 per hour.  While Plaintiff, who at the time held the position of supervisor for three years was compensated at $17.86 per hour.

22. The increased pay that Plaintiff's male counterparts such as Cruz received was not based on superior skills, effort, responsibility, or any other legitimate factor.

**GENERAL ALLEGATIONS RELATED TO REMAINING COUNTS**

23. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. From January 12, 2019, through February 2020, Plaintiff worked from 5:00 AM to 3:00 PM, Monday through Friday each work week. However, Defendants would report Plaintiff to be done with her shift at 2:00 PM each day knowing she was working an additional hour each day.

26. Furthermore, from March 2020 through the termination of Plaintiff's employment, Plaintiff worked around 68 hours a week. However, Plaintiff was not compensated at her time and half rate for any of her hours over 40 in a work week.

27. A review of the pay stubs from March 2020 through the end of her employment in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff worked exactly 40 hours every work week. Plaintiff was then issued a separate check claiming to compensate her for an additional 48 hours for the same pay period.

28. However, based on information and belief, that payment was not at a rate of time and one-half the applicable regular rate and did not compensate her for all overtime worked.

29. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

30. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

31. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT AGAINST CHI-ADA

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

34. Plaintiff is female and held the title of Supervisor during the last five (5) years of her employment with Defendant, CHI-ADA.

35. Plaintiff's job functions as a supervisor were and are the of equal skill, effort, and responsibility as the job functions of CHI-ADA's male supervisor and they were performed under the same or similar conditions.

36. During all relevant period, Plaintiff received wages lower that most if not all, of CHI-ADA's male supervisors' wages while performing the same or substantially more work than her male coworkers.

37. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the equal and/or same or at times substantially more work than her male counterparts.

38. CHI-ADA violated the EPA in not paying Plaintiff on par with her male counterparts; Plaintiff is entitled to damages and equitable relief.

39. Both Plaintiff and her male counterparts performed similar day-to-day tasks, reported to the same supervisor, employed similar skills/knowledge, etc.

40. CHI-ADA does not have any legitimate, non-discriminatory reason to justify the discrepancy in pay between Plaintiff and male counterparts such as Angel Cruz.

41. Neither the Plaintiff, nor the similarly situated male employees were being compensated based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other differential based on any other factor than sex.

42. As a direct result of CHI-ADA's conduct, Plaintiff has been harmed through a loss of wages and any incremental increases she would been paid had she been compensated the same as her male counterparts.

43. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully prays for the following relief against the Defendant CHI-ADA:

A. Adjudge and decree that Defendant has violated the EPA and FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for the minimum wages owed due to the unequal pay, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA
## AGAINST CHI-ADA

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 and 23-32 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207

46. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

47. Specifically, throughout her employment Plaintiff regularly worked more than 40 hours during each workweek in which she was employed but she was only paid for 40 hours by payroll check and, upon information and belief, was only paid straight time for some of her overtime hours.

48. Furthermore, Defendant would deduct some hours of Plaintiff's time log even though Defendant knew Plaintiff had worked for the Defendant.

49. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. CHI-ADA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). CHI-ADA's business activities involve those to which the Fair Labor Standards Act applies.

51. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was paid on an hourly basis.

52. CHI-ADA has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

53. By reason of the said intentional, willful and unlawful acts of CHI-ADA's, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. CHI-ADA never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

55. As a result of CHI-ADA's willful violations of the Act, Plaintiff is entitled to liquidated damages.

56. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CHI-ADA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CHI-ADA:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA
## against OKORO

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 and 23-32 of this complaint as if set out in full herein.

58. At the times mentioned, Defendant OKORO was, and is now, a corporate officer of corporate Defendant, CHI-ADA.

59. OKORO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that OKORO acted directly in the interests of

Defendant CHI-ADA in relation to their employees including Plaintiff.

60. Specifically, OKORO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

61. OKORO had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant OKORO willfully and intentionally refused to properly pay Plaintiff her wages including overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant OKORO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**SPACE INTENTIONALLY LEFT BLANK**

## DEMAND FOR JURY TRIAL

Plaintiff, SANDRA TORUNO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated:                                        **PEREGONZA THE ATTORNEYS, PLLC**

                                                  1414 NW 107th Ave,
                                                  Suite 302
                                                  Doral, FL 33172
                                                  Tel. (786) 650-0202
                                                  Fax. (786) 650-0200

                                                  By:
                                                  Nathaly Saavedra, Esq.
                                                  Fla. Bar No. 118315
                                                  Email: nathaly@peregonza.com