UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:21-CV-22752-DPG

SANDRA TORUNO,

    Plaintiff(s),

Vs

CHI-ADA CORPORATION, a Florida Profit
Corporation and BARTHOLOMEW OKORO,
Individually,

    Defendant(s)
_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S RENEWED EXPEDIATED MOTION FOR LEAVE FOR SANCTIONS AGAINST DEFENDANT'S FOR FAILURE TO COMPLY WITH THE COURT'S ORDER

Defendant, CHI-ADA CORPORATION ("Defendant") by and through undersigned counsel response to Plaintiff's motion and state as follows:

    1. Defendant has responded and answers each Interrogatory asked to the best of their knowledge. Plaintiff's counsel has procured all answer counsel seek during deposition.

    2. The court ordered Defendant's counsel to pay $1,240.00 for reimbursement fees. Defendant's counsel mailed a check to Plaintiff's counsel but counsel has relocated her office. After waiting many days to see if the check was cashed, Defendant counsel has decided to cancel TD check #1362. Defendant's counsel to avoid any delay will drop off check to Plaintiff's counsel office on Tuesday July 12, 2022.

1

3. Plaintiff's counsel is seeking unwarranted sanction because Defendant's counsel has provided answer to all requests to the best of defendant's knowledge and Plaintiff's counsel has access to all deposition questions and answers.

4. Defendant's counsel has already responded to Plaintiff's discovery request and plaintiff's counsel had an opportunity during deposition to ask for clarity.

Request for Production: Regarding time records that have not been produce, Plaintiff did not clock in and out as required like every other employee of Chi Ada. Defendant's made this kwown to plaintiff's counsel after receiving that information from Easy Clock which is the company that installed the time clocks and manages the records. See Exhibit A (Defendant. Dec. Page 26 line 1-25) Defendant has contacted the time keeping office and the days Plaintiff work she did not clock in. This show how insubordinate Plaintiff was.

Interrogatory 2: During deposition, Plaintiff counsel was able to ascertain the name of the two individuals that were involved who actually did not have full knowledge of what was going on in the litigation. Plaintiff counsel was able to get there name, address, and job title. In Mr. Nwaokefor in his deposition stated his name, current address, and job title. See Exhibit B (Non-party witness Mr. Nwaokefor Dec. Page 11-12) Mr. Cruz also provided his name, current address, and job title. See Exhibit C (Non-party witness Mr. Cruz Dec. Page 7-8 and page 12)

Interrogatory 3: Defendant, Bartholomew Okoro is in charge of administration, operation, financial control and HR Department for Chi-Ada Corporation. Mr. Okoro has hired employees to help distribute duties and roles in the corporation. Patrick Nwaokeafor is the manager and Angel Cruz was the supervisor while Plaintiff was working for Chi-Ada Corporation after her promotion.

Interrogatory 4: Plaintiff manager at the time was Patrick Nwaokeafor. Plaintiff was a supervisor for the past three years. See Exhibit D (Defendant. Dec. Page 32-34).

Interrogatory 5: Defendant has already answered this question in the request to produce. Regarding time records that have not been produce, Plaintiff refused to clock into work like everyone else. Defendant has after contacting Easy Clock was notified that plaintiff was not using that time clock like other Chi Ada employees. This was made known to Plaintiff's counsel by Defendant's counsel.

Interrogatory 6: Plaintiff was paid 17.86 dollars hourly as a supervisor. Defendant included in his affirmative defense that Plaintiff was paid 17.86 dollars hourly and Plaintiff's counsel had the opportunity to question Mr. Okoro during deposition.

Interrogatory 7: There was no written agreement between Plaintiff and Defendant. Plaintiff was promoted to supervisor; she was paid an hourly rate of 17.86 as stated in the answer to Plaintiff's complaint. Plaintiff's counsel had an opportunity to ask Mr. Okoro and Mr. Nwaokeafor who recommended the pay raise as to the actual amount that the Plaintiff was being paid.

Interrogatory 8: Mr. Okoro was the one who gave Plaintiff her official warning on or about March 11, 2021. Plaintiff replied assaulting Mr. Okoro in such a way a reasonable employee would have not sent such a letter to her employer, reiterating that the plaintiff was insubordinate. Even The EEOC after a lengthy investigation dismissed Plaintiff's case. See Exhibit E and F (See Chi-Ada Corporation official warning letter and Defendant. Dec. Page 116-119)

Interrogatory 9: If Plaintiff's counsel believes documents are non-responsive as to this interrogatory, she had an opportunity during deposition of Mr. Okoro to get the answer she

wanted. During deposition Defendant's counsel claim confidentiality on those documents in which Plaintiff's counsel indicated that she will continue to ask question until she get the answer she want. See Exhibit G (Defendant. Dec. Page 44 lines 18-25)

      Interrogatory 10: Defendant answers Interrogatory 10 in their previous response and state the same answer. See Exhibit H (See Defendant response #10)

      Interrogatory 11: Defendant has answered Interrogatory 11 in their previous response and state the same answer. See Exhibit I and J (See interrogatory response #11 and Defendant. Dec. Page 39 line 24 and Page 40 line 1-20) The County creates the pay policy as per the living wage and if promoted to supervisor, the supervisor has to negotiate their pay.

      Interrogatory 12: Defendant has answered Interrogatory 12 in their previous response and state the same answer. (See interrogatory response #12)

      Interrogatory 14: Defendant has answered Interrogatory 14 in their previous response and state the same answer. See Exhibit K (See interrogatory response #14)

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

Rule 37(b)(2) provides that a court may issue sanctions for failure to obey an order to provide or permit discovery, including an order compelling discovery issued under Rule 37(a). Rule 37(b)(2) specifically authorizes the following sanctions: i. an order that the matters regarding the order or any other designated facts be taken to be established for the purposes of the action; ii. an order refusing the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence; iii. an order striking the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing

the action, or rendering a judgment by default against the disobedient party; iv. an order of contempt against the party for failing to obey a court order; and, v. in certain cases, an order requiring a party to produce another person for examination. Id. These sanctions are not mutually exclusive. *Sutherland v. Mesa Air Group, Inc.*, WL 21402549 at *2 (S. D. Fla. 2003). Courts are not limited to these sanctions and have broad discretion in imposing sanctions under Rule 37. See *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, Case 1:21-cv-22752-DPG Document 52 Entered on FLSD Docket 05/26/2022 Page 2 of 8 3 427 U.S. 639 (1976). These sanctions are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process. See *Adoph Coors Co. v. Movement Against Racism*, 777 F.2d 1538 (11th Cir. 1985).

Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. *In re Chase & Sandborn Corp.* 872 F.2d 397 (11th Cir.1989). Moreover, the non-moving party must show that all reasonable efforts were made to comply with the court's order. Also this Court noted: "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotation omitted). In addressing this issue, reviewing courts consider the nondisclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation. See *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

Applying this to our case, Defendant has complied with the court order taking into consideration that Defendant answers to the Interrogatories mimicked what was said in the

deposition transcripts and Plaintiff's counsel was able to get the exact answer that she needed and therefore Plaintiff was in way prejudice. Secondly, for Plaintiff not being able to clock in and out on the time clock like other employees made it impossible according to *Chase* to produce what the party does not have. Also see *Moore v. King Game, Inc.*, No. 19-21391-CIV, 2019 WL 7283217, at *1 (S.D. Fla. Dec. 27, 2019). Under rule 37 dismissal may be granted when a party failure to comply was willful, intentional, or in bad faith. In our case there was no willful, intentional, or bad faith to disobey court order. Last time Defendant was penalized for not being ready for deposition when Defendant was willing for deposition on the actual date. All Defendant ask for was clarity on the time. Secondly, Plaintiff's counsel never mentions to the Court about our conversation over the phone but will note to the Court that her motion for extension of time is unopposed when we spoke over the phone. This is the third extension of time by Plaintiff's Counsel. Today for instance plaintiff counsel's notice to Defendant's counsel at 2.46pm that will be filing a motion for extension of time at 4pm. As a matter of professional curtsy I did not object even though less than two hours is not enough time to make an informed decision whether to object or not

WHEREFORE, Defendant request the court to deny Plaintiff's motion and accept Defendant's response to Interrogatories, Production and allow this case to be decided on its merits.

Respectfully submitted,

Emelike Nwosuocha
/s/Emelike Nwosuocha
emelike@bellsouth.net
Emelike Nwosuocha, P.A.
160 NW 176th Street, Suite 202-1
Miami, Florida 33169
Telephone: (305) 726-7241

Facsimile: (305) 705-4132
FL Bar No.: 0061171
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using E-Portal Filing. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by E-Portal Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

Emelike Nwosuocha
/s/Emelike Nwosuocha
emelike@bellsouth.net
Emelike Nwosuocha, P.A.
160 NW 176th Street, Suite 202-1
Miami, Florida 33169
Telephone: (305) 726-7241
Facsimile: (305) 705-4132
FL Bar No.: 0061171

*Attorney for Defendant*

*Attorney for Defendant*