## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22752-Civ-GAYLES/TORRES

SANDRA TORUNO,

    Plaintiff,

v.

CHI-ADA CORPORATION, a Florida
Profit Corporation and BARTHOLOMEW
OKORO, individually

    Defendants.

_____/

## ORDER ON PLAINITFF'S MOTION FOR SANCTIONS

This matter is before the Court on Sandra Toruno's ("Plaintiff") second motion for sanctions against Chi-Ada Corporation ("Chia-Ada") and Bartholomew Okoro ("Mr. Okoro") (collectively, "Defendants"). [D.E. 56]. Defendants filed an untimely response to Plaintiff's motion on July 11, 2022 [D.E. 58], to which Plaintiff replied on July 18, 2022 [D.E. 59]. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.[1]

---

[1] On November 19, 2021, the Honorable Darrin P. Gayles referred all discovery matters to the undersigned Magistrate Judge for disposition. [D.E. 23].

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Defendants on July 28, 2021, for alleged violations of the Fair Labor Standard Act ("FLSA") and Equal Pay Act.  According to the Complaint, Plaintiff, who was employed by Chia-Ada as a cleaning crew supervisor from 2017 to 2021, is owed unpaid overtime and minimum wages by Defendants.

On March 3, 2022, this Court held a discovery hearing where it ordered Defendants to provide complete responses to Plaintiff's Requests for Production of Documents ("RFPs") as well as supplemental responses to Plaintiff's interrogatories by March 18, 2022.  The discovery order, which was memorialized on the docket [D.E. 40], also ordered the deposition of Chia-Ada's president and co-Defendant, Bartholomew Okoro, to take place on April 14, and the depositions of Plaintiff's former manager, Patrick Nwaokeafor, and co-worker, Anger Cruz, which were to take place on April 19.

On April 4, 2022, Plaintiff moved for sanctions alleging that Defendants were in breach of the March discovery order because they had provided deficient responses to Plaintiff's discovery requests and had failed to confirm the availability of the deponents.  By order of May 15, 2022, we granted Plaintiff's motion only in part because the depositions had taken place as scheduled (*i.e.*, on April 14 and 19). [D.E. 51].  Moreover, we granted Plaintiff with leave to conduct additional discovery aimed at addressing Defendants' shortcomings in production by allowing Plaintff to subpoena relevant non-parties, the names of which emerged during the April

depositions, and tabling the option of scheduling further depositions at Plaintiff's discretion. *Id* at 6. The May order also directed Defendants to provide more complete answers to Plaintiff's RFPs and interrogatories by May 23, 2022.

On June 13, 2022, Plaintiff filed this second motion for sanctions. Plaintiff's motion asserts that Defendants have failed to comply with this Court's orders and, as such, we should strike Defendants' pleadings pursuant to Federal Rule of Civil Procedure 37(b). [D.E. 56]. After the filing of her second motion for sanctions, Plaintiff moved for an extension of the discovery cut-off date, and on July 19, 2022, this Court stayed all deadlines in the case pending resolution of the subject motion for sanctions. [D.E. 60].

## II.    *APPLICABLE PRINCIPLES AND LAW*

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

- (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- (iii) striking pleadings in whole or in part;
- (iv) staying further proceedings until the order is obeyed;
- (v) dismissing the action or proceeding in whole or in part;
- (vi) rendering a default judgment against the disobedient party; or
- (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). However, the sanction of dismissal is most appropriately used as a last resort. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Such a remedy is available "only if noncompliance is due to willful or bad faith disregard of court orders" and the court finds lesser sanctions would not suffice. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted). Violations of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." *Malautea*, 987 F.2d at 1542. And even though "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," the Eleventh Circuit has warned that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314, 1317-18 (11th Cir. 1997).

Where, as here, a party seeks to enforce Rule 37's sanctions, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th

4

Cir. 2009) (quotation omitted). In addressing this issue, reviewing courts consider the nondisclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation. *See Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing Romero v. Drummond Co., 552 F.3d 1303, 1321 (11th Cir. 2008)).

## II.  ANALYSIS

Plaintiff moves this Court, for the second time, to impose sanctions upon Defendants pursuant to Rule 37(b). Plaintiff's requested relief is twofold. First, Plaintiff asks this Court to strike Defendants' Amended Answer and Affirmative Defenses. Second, Plaintiff seeks reimbursement of the fees incurred in bringing forth this motion. Defendants, on the other hand, oppose such relief, arguing that sanctions are unwarranted because they have responded to Plaintiff's discovery requests to the best of their ability, and have given Plaintiff access to all the information she seeks via the depositions of Messrs. Okoro, Nwaokeafor, and Cruz.

We hold that, though sanctionable, Defendants' discovery misconduct in this case – and any prejudice derived therefrom – is not egregious enough to justify "sanctions as draconian" as the striking of Defendants' pleadings, *Certain Real Prop.*, 126 F.3d at 1318, but is serious enough to merit payment of Plaintiff's reasonable expenses incurred in the filing of this motion. Accordingly, Plaintiff's motion is GRANTED in part and DENIED in part.

Plaintiff argues, and the record shows, that Defendants have failed to fully comply with this Court's discovery orders. This Court has directed Defendants to

provide complete written answers to Plaintiff's RFPs and interrogatories on two separate occasions, but Defendants have flouted both of those orders without providing any persuasive justification. [D.E. 40] (requiring written responses by March 18, 2022); [D.E. 51] (requiring more complete responses by May 23, 2022). Instead, Defendants waited until the filing of their opposition to the subject motion for sanctions on July 11, 2022, wherein they purport to provide supplemental answers to Plaintiff's RFPs and interrogatories. [D.E. 58 at 1-4] ("Defendant[s] [have] responded and answer[ed] each Interrogatory to the best of their knowledge. Plaintiff's counsel has procured all answers counsel seek during deposition"). This, of course, is an improper means of conveying supplemental response to Plaintiff's discovery requests. Accordingly, there is no question that Plaintiff is entitled to recover the time spent in drafting her motion for sanctions. The Court will therefore award Plaintiff $1,240 in attorneys' fees (4 hours multiplied by $310 per hour) for Defendants' failure to comply with their discovery obligations except upon threat of dispositive sanctions.

As for Plaintiff's request to strike the Answer and Affirmative Defenses, we do not find that Plaintiff has demonstrated that Defendants' transgressions amount to the degree of prejudice necessary to trigger this "last resort" sanction. As we understand it, the crux of Plaintiff's discovery grievances towards Defendants has been centered, primarily, around production deficiencies on two fronts: (1) Defendants' failure to produce Plaintiff's time records and related documents; and (2) Defendants' unwillingness to disclose the identity of relevant non-party

6

individuals with information relevant to the issues at dispute in this lawsuit. *See e.g.*, [D.E. 43 at 7] ("Defendants' Responses reveal that information of non-parties has been omitted limiting Plaintiff's ability to issue third part subpoenas for relevant documentation. . . . Furthermore, it is also evident that Defendants are withholding documents that are relevant[.]").

Regarding the first of these production fronts (*i.e.*, Plaintiff's time records) Defendants' response expressly and unequivocally admits that Defendants do not have any time records relating to Plaintiff's employment as a supervisor with Chi-Ada. Indeed, Defendants assert that they contacted the company that manages Chi-Ada's time records, Easy Clock, and this contractor confirmed the non-existence of time records pertaining to Plaintiff's employment with Defendants as a supervisor for the three years preceding the filing of her lawsuit. [D.E. 58 at 2] ("Defendant has contacted the time keeping office and the days Plaintiff work [sic] she did not clock in."). As incredible as this claim may sound, in the absence of any tangible evidence showing otherwise, we take Defendants' claims at face value and accept them as true. Naturally, then, because it is impossible for Defendants "to produce what the party does not have," *id.* at 6, any prejudice suffered by Plaintiff as a consequence of the absence of these documents cannot be attributed to Defendants for the purposes of this motion.[2]

Moreover, the cases cited by Plaintiff in her reply are inapposite here, where

---

[2] On the other hand, Defendants' admission that they simply do not possess any time records for the days in which Plaintiff performed her duties as a supervisor may prove less exculpating as far as their time-keeping obligations under the FLSA is concerned.

7

the facts on record, at least at this stage of the proceedings, do not support findings of spoliation, manufacturing of evidence, or perjury, and hence fail to establish the level of prejudice involved in those cases. *See e.g., Sec'y of Labor v. Caring First, Inc.*, No. 6:15-cv-1824-Orl-41GJK, 2018 U.S. Dist. LEXIS 13957, at *2 (M.D. Fla. Jan. 19, 2018) (striking pleadings where Defendants engaged in willful destruction of evidence); *Zavala-Alvarez v. Darbar Mgmt.*, No. 19 C 4041, 2021 U.S. Dist. LEXIS 88212, at *14 (N.D. Ill. Jan. 25, 2021) (imposing sanctions where Defendants destroyed evidence, fabricated timecards, and lied under oath); *Aristidou v. Aviation Port Servs.*, LLC, No. 18CV4040RPKRER, 2021 WL 2471269, at *1 (E.D.N.Y. June 17, 2021) (involving nonproducing parties who lied to the Court about producing documents).

Indeed, the discovery that Plaintiff has been able to gather so far, as well as the current stay of all deadlines in this case, foreclose any claim of prejudice sufficient to trigger the striking of Defendants' pleadings. *See Siegmund v. Xuelian Bian*, No. 16-62506-CIV, 2019 WL 473739, at *3 (S.D. Fla. Feb. 6, 2019) (denying without prejudice Plaintiff's request for striking the Answer where "it is not clear that the prejudice suffered by Plaintiff cannot be cured"). This is not a case where the non-producing party has failed to appear for a deposition, or where Plaintiff's discovery requests have gone totally unanswered. Here, Plaintiff has been able to depose three of the most important persons for her case, including Chi-Ada's president, her former manager, and a co-supervisor. *See* [D.E. 58-1]; [D.E. 58-2]. Moreover, and as conceded by Plaintiff herself, she has been able to take steps to

remedy Defendants' shortcomings in production, including by serving subpoenas on several relevant non-parties, and having the option of conducting additional depositions at her discretion. [D.E. 56 at 5]; [D.E. 51 at 6]. And finally, this Court has stayed all deadlines in the case, and has ordered the parties to "submit a new joint proposed scheduling order within 10 days" of the undersigned's ruling on the subject motion. [D.E. 60].[3]

In light of this record, we cannot agree with Plaintiff's claim that Defendants' conduct in this case justify the entry of litigation-ending sanctions. As noted above, despite the fact that Defendants have breached their discovery obligations, the prejudice derived from such misbehavior has not seriously compromised Plaintiff's ability to continue prosecuting her case. *See Scipione v. Advance Stores Co., Inc.*, 294 F.R.D. 659 (M.D. Fla. 2013) (granting fees and expenses but not a request to strike pleadings where Plaintiff had provided some information during the discovery process). Accordingly, Plaintiff's request to strike Defendants' Answer and Affirmative Defenses is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions [D.E. 56] is **GRANTED in part** and **DENIED in part**:

1. The Court awards four (4) hours of Plaintiff's counsel's time at $310.00/hour as a reasonable fee incurred by Plaintiff in seeking to impose

---

[3] In addition, Defendants' assertion that the deposition transcripts on the record answer most, if not all, of Plaintiff's interrogatories is well taken. A review of the transcripts reflect that the deponents provided clear answers that are responsive to several of the interrogatories cited by Plaintiff. *See* [D.E. 49-1]; [D.E. 58-1]; [D.E 58-2].

9

sanctions. Defendants must reimburse Plaintiff in the amount of $1,240. Payment shall be **due by November 8, 2022**. Failure to make timely payment may be deemed a third Rule 37 violation, which may then merit dispositive relief.

2. In all other respects, Plaintiff's motion is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge